Sean Reis (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124

Counsel for Plaintiffs
[additional counsel appear on signature page]

Whitty Somvichian (SBN 194463)
wsomvichian@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, California 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Counsel for Defendant
[additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH ROLING and ALEXANDER LANDVATER, individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E*TRADE SECURITIES LLC, a Delaware limited liability company, and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 3:10-cv-00488-MHP<br><br>[~~PROPOSED~~] REVISED DISCOVERY PLAN |

In accordance with this Court's Order of August 10, 2010 (Dkt. 53), on August 26, 2010, counsel for the Parties engaged in a meet and confer regarding the substance and scope of discovery in this matter, a putative class action challenging E*TRADE's practice of charging its customers "inactivity fees." As a result of the meet and confer, the Parties jointly submitted a Proposed Discovery Plan that was filed with the Court on September 15, 2010 (Dkt. 55). The Court has not, at this time, entered the original discovery plan. The Parties agree that additional time is necessary to complete discovery and, accordingly, submit the following Proposed Revised Discovery Plan pursuant to that agreement:

**A.    *General Overview of Discovery Schedule***

E*TRADE has proposed that discovery should proceed in phases, with the first phase of discovery limited to issues pertaining to class certification, and the second phase of discovery limited to the merits. Plaintiffs do not object to bifurcation in this matter between class and merits issues. In the first phase of discovery, the Parties will limit discovery to (1) the individual claims of the named Plaintiffs and (2) factual issues relevant to Rule 23. E*TRADE has indicated that certain information regarding the named Plaintiffs' claims depend on electronic information approximately 10 years old. Accordingly, the Parties anticipate that 11 months is a reasonable time to search for, assemble, extract and process the electronic information that might be necessary, as well as to contact potential fact witnesses who might no longer be employed by E*TRADE.

Plaintiffs will file their Rule 23 motion for class certification no later than one month following the completion of such discovery. The Parties agree that E*TRADE shall have approximately 40 days thereafter to file its Opposition brief, and Plaintiffs another 30 days to file their Reply brief.

If the Court grants the Plaintiffs' Rule 23 motion, discovery would proceed to the second phase, wherein the Parties may engage in discovery related to the calculation of class-wide damages and information required for class notification purposes. The Parties propose

3 months time for this second phase.

In addition, Plaintiffs propose the following addition to the briefing schedule below (the "Proposal"):

(1) That the Court allow Plaintiffs to file an initial motion for class certification by June 1, 2011 (the "Initial Class Motion").  Plaintiffs believe the Initial Class Motion would serve to focus discovery (including expert reports) in the first phase of discovery;

(2) E*TRADE would not file an opposition to, nor would the Court rule on, the Initial Class Motion;

(3) Plaintiffs would finalize and supplement the Initial Class Motion by December 1, 2011; and

(4) Briefing, including E*TRADE's opposition brief and Plaintiffs' reply brief, any argument, and Court decision, would follow according to the below schedule.

E*TRADE takes no position on Plaintiffs' Proposal.

Thus, the Parties propose the following discovery plan (brackets indicate the proposed schedule if the Court permits Plaintiffs to file the Initial Class Motion described above):

| | |
|---|---|
| [Plaintiff's Initial Motion for Class Cert]: | No later than June 1, 2011 |
| First Phase Discovery Cutoff: | Dec. 1, 2010 – November 1, 2011 |
| Designation of Class Experts: | September 9, 2011 |
| Plaintiffs' [Supplemental] Motion for Class Certification: | December 1, 2011 |
| E*TRADE's Opposition to Class Cert: | January 12, 2012 |
| Plaintiffs' Reply in Support of Class Cert: | February 9,13, 2012 |
| Second Phase Discovery Cutoff: | May 10, 2012 or 3 months following ruling on Class Cert., whichever is later |
| Deadline for Dispositive Motions: | July 13, 2012 or 60 days following close of merits discovery, whichever is later. |

   The deadline for dispositive motions described above is a cutoff date, not a due date. E*TRADE's position is that it should be allowed to file a dispositive motion at any time, including before class certification. E*TRADE maintains that such briefing may help streamline the issues for class certification. Plaintiffs' position is that Plaintiffs should also be allowed to file a dispositive motion at any time without implicating the one-way intervention rule or similar concerns.

**B.** *Scope of Bifurcation*

   E*TRADE has informally indicated to Plaintiffs' counsel that E*TRADE charged or collected inactivity fees each quarter from hundreds of thousands of customers. E*TRADE maintains that it would be unduly burdensome and costly for E*TRADE, prior to a decision certifying this case as a class action, to be required to produce the personal files for each and every putative class member who either had the fees at issue charged to their account or whose accounts were liquidated, either in whole or in part, to satisfy the payment of such fees. Plaintiffs understand E*TRADE's position. The Parties therefore propose that in the event that Plaintiffs request information that is relevant (as that term is understood in the context of discovery) and not privileged, that can only be obtained through a review of individual customer accounts, the Parties agree to meet and confer to discuss potential production solutions including, without limitation and by way of example only, sampling the class members. In the event the Parties are unable to agree on an appropriate solution, they shall submit their dispute to the Court for resolution.

**C.** *Disclosure and Production of Electronically Stored Information*

   The Parties acknowledge and agree that much of the evidence in this case was generated and may be available as electronically stored information ("ESI"). Without prejudice to either Party's rights to object to specific discovery requests, and without either Party conceding that any items listed below are discoverable, examples of types of ESI that might be subject to discovery may include:

1. E*TRADE's websites, and website agreements, along with relevant changes to those agreements (or the ability to access those agreements) and notice of such changes;
2. E*TRADE's generation, management, and maintenance of its customers' online web accounts;
3. E*TRADE's records and systems related to the charging, imposition, and collection of "inactivity" or similar fees;
4. E-mails, or other non-privileged electronic communications regarding E*TRADE's decision to charge, and the actual charging of, "inactivity" or similar fees;
5. E*TRADE's electronic records and systems related to the liquidating of customer accounts or the selling of customer stock to pay for "inactivity" or similar fees allegedly incurred by E*TRADE's brokerage account customers;
6. Any and all databases or other computer programs regarding, generating, holding or otherwise evidencing E*TRADE's charging, imposing, and collecting "inactivity" or similar fees;
7. Any and all other computers, networks, and systems relating to E*TRADE's charging, imposing, and collecting "inactivity" or similar fees or E*TRADE's purported right to charge and collect such fees;
8. Recorded telephone conversations or other records of communications between class members and E*TRADE's customer service representatives regarding inactivity or similar fees;
9. Relevant metadata;
10. Any and all computers, cell phones, internet-devices, or other electronic means used by Plaintiffs to access the E*TRADE website or their E*TRADE accounts at any time;
11. Any and all electronic records in Plaintiffs' possession or control related to their E*TRADE accounts, including but not limited to account statements, email messages, electronic communications, archived data, metadata, and cookies; and
12. Any and all storage media containing any electronically-stored information relevant to Plaintiffs' claims or E*TRADE's defenses, including internal and external hard drives, USB or other flash-based storage devices, CD-ROMS, DVD-ROMS, and/or internet-based storage solutions.

The Parties propose that, where the requesting Party requests that electronically stored information be produced in native format but the producing Party objects and believes it is more efficient or productive to produce in non-native format, the Parties will meet and confer. During the meet and confer, the burden will be on the producing Party to provide justification for why the particular information sought should be more reasonably produced in non-native format. The Parties may have their respective technology experts attend any

such meet and confer.  In the event the Parties are unable to agree on an acceptable format for the production, the Parties shall take their dispute to the Court.

In the alternative, if both Parties agree, prior to the initiation of class discovery, the Parties, along with their respective technology experts, may meet and confer to discuss:  (1) the identification of relevant and discoverable ESI, (2) the scope of discoverable ESI to be preserved and produced by the Parties, (3) the formats for preservation and production of ESI, (4) the potential for conducting discovery in phases or stages as a method for reducing costs and burden, (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence, (6) any other relevant ESI issues involved in the case.  The Parties may then attempt to craft an appropriate stipulation governing the production of electronic evidence for the Court's approval prior to the initiation of class discovery.  Under this proposal, the suggested dates for class discovery and certification briefing would be enlarged accordingly.

**D.**     *Evidence Preservation*

Plaintiffs' counsel has sent a preservation notice to E*TRADE.  E*TRADE confirms that is has taken and continues to take all steps necessary to properly preserve all potentially relevant information and evidence relevant to this litigation.  Plaintiffs likewise confirm that they have taken and continue to take all steps necessary to properly preserve potentially relevant information and evidence relevant to this litigation, including electronically-stored information, in their possession or control, if any.

**E.**     *Protective Order*:

The Parties agree to work cooperatively to draft an appropriate protective order for the Court's approval.  Prior to the entry of the protective order, any materials produced shall be treated as having been designated as being suitable for "attorneys eyes only."  Such presumed designation will be lifted, where appropriate, following the entry of the protective order.

**F.** *Discovery from experts*: The Parties plan to offer expert testimony as to the following subject matter(s):

Plaintiffs anticipate potentially offering expert testimony as to the damages suffered by the class, as well as to other issues pertaining to class certification.

**G.** *Initial Disclosures*:

The Parties have exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

| | |
|---|---|
| /s/ Rafey S. Balabanian<br>Jay Edelson (Admitted *Pro Hac Vice*)<br>Rafey S. Balabanian (Admitted *Pro Hac Vice*)<br>Steven L. Woodrow (Admitted *Pro Hac Vice*)<br>Michael Aschenbrener (Admitted *Pro Hac Vice*)<br>Edelson McGuire, LLC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Tel: 312/589-6370 | /s/ Douglas P. Lobel<br>Douglas P. Lobel (Admitted *Pro Hac Vice*)<br>David A. Vogel<br>Cooley LLP<br>11951 Freedom Drive<br>Reston, Virginia 20171<br>Tel: (703) 456-8000 |
| Sean P. Reis<br>Edelson McGuire, LLP<br>30021 Tomas Street, Suite 300<br>Rancho Santa Margarita, California 92688<br>Tel: (949) 459-2124 | Whitty Somvichian<br>Cooley LLP<br>101 California Street, 5th Floor<br>San Francisco, California 94111<br>Tel: (415) 693-2000 |

The foregoing [Proposed] Discovery Plan is adopted by this Court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

**IT IS SO ORDERED.**

Dated this __1st__ day of __February__, 2011

_____
HONORABLE MARILYN H. PATEL
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*

**CERTIFICATE OF SERVICE**

I, Rafey S. Balabanian, an attorney, certify that on January 31, 2011, I served the above and foregoing *[Proposed] Revised Discovery Plan*, by causing true and accurate copies of such paper to be filed and transmitted to the persons shown below via the Court's CM/ECF electronic filing system, on this the 31st day of January, 2011.

Whitty Somvichian
wsomvichian@cooley.com
Cooley LLP
101 California Street, 5th Floor
San Francisco, California 94111

Douglas Lobel
dlobel@cooley.com
Cooley LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia 2019-5656

                                                /s/  Rafey S. Balabanian